OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs to defendants, and the order of Supreme Court reinstated. The certified question need not be answered on the ground that it is unnecessary.
New York City Zoning Resolution § 12-10 provides that, in order to qualify as an “adult establishment” subject to municipal regulation, a “substantial portion” of a commercial establishment must include the following adult uses: “an adult bookstore, adult eating or drinking establishment, adult theater, or other adult commercial establishment, or any combination thereof’ (see, Amended Zoning Resolution of City of NY § 12-10; City of New York v Les Hommes, 94 NY2d 267, 270). The Zoning Resolution goes on to describe an “adult eating or drinking establishment” as an eating or drinking establishment that “regularly features” specified adult activities. Finally, the Zoning Resolution defines “substantial portion” by the percentage of floor area devoted to the above-mentioned adult uses.
The sole question now before this Court is one of statutory interpretation. Dezer Properties, Inc. contends that “substantial portion” analysis is applicable in determining whether its club, only a part of which is dedicated to adult activities, is an “adult establishment” subject to regulation. The City, by *773 contrast, contends that any adult activity in a club in and of itself qualifies the entire club as a regulable “adult establishment.”
We agree with Supreme Court and the Appellate Division, each of which concluded that the “substantial portion” component applied in determining whether Dezer’s club constituted an “adult establishment” subject to municipal regulation (259 AD2d 116, 121; see also, 1995 City Planning Comma Report on Adult Use Zoning Amendments, at 49-51; City of New York v Wiggles, 178 Misc 2d 1007, 1013-1014; City of New York v Show World, 178 Misc 2d 812, 816-817). By so construing the ordinance, we accord meaning to every section of the City’s own Zoning Resolution, whereas the interpretation urged by the City would effectively excise the “substantial portion” component from the enactment in cases of eating or drinking establishments. While unanimous in this reading of the Zoning Resolution, the Appellate Division nevertheless disagreed concerning actual application of the “substantial portion” component to the facts of this case. The City, however, conceded before Supreme Court that Dezer allocated less than a “substantial portion” of the club’s floor area to adult activities (see, Transcript of Mar. 16, 1999, Oral Argument; see also, 259 AD2d, at 120, 122, supra). Thus, the issue was not properly before the Appellate Division and cannot be reached by this Court.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
Order reversed, etc.